UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER OCHOA,** | Civil Action No. 23-2953 (MCA)(MAH) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| **OSCAR AVILES, et al.,** | |
| Defendants. | |

This matter has been opened to the Court by Christopher Ochoa's filing of a civil complaint and an application to proceed *in forma pauperis* ("IFP application"). (ECF Nos. 1, 1-1, 1-2.) At this time, the Court grants the IFP application and directs the Clerk of the Court to file the Complaint.

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the pleading stage, the Court accepts the facts alleged in the pro se complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only

whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

      Plaintiff alleges that he contracted COVID-19 while incarcerated at HCCF and has sued Oscar Aviles, the Director of Hudson County Correctional Facility, and Nurse Wint, a medical provider at HCCF in connection with this incident. (*See* ECF No. 1, Complaint at 4; ECF No. 1-2, Attachment at 1.) Plaintiff alleges that Aviles knew of the threat presented by COVID-19, but "failed as a Director to implement and enforce proper protocol for COVID-19 mandates" and endangered detainees. (Complaint at 4.) Nurse Wint "neglected" her duty by failing to address medical emergencies and constant complaints. (*Id.*)

      In an attachment to his Complaint, Plaintiff alleges that he contracted COVID-19 at HCCF and experienced "the worst flu-like symptoms" of his life for several weeks. (Attachment at 1-2.) Plaintiff allegedly had pain in his joints, bones, and head. (*Id.*) "Day after day," he complained about his symptoms to Nurse Wint, but she told him the following: "A lot of you guys are sick in there but it will pass." (*Id.*) Plaintiff's symptoms left him drained and he could not take deep breaths. (*Id.*)

      Plaintiff further alleges that there is a kiosk for inmate issues or grievances, but his reading and writing are poor, and prison officials did not respond to poorly written requests. Plaintiff spoke to Sgt. Castro instead about why detainees in his unit were mostly out in an open space during a COVID-19 lockdown and were "being ignored for medical help." (*Id.* at 2.) Castro responded that "the director is aware and fully capable to control any situation that arises in the

jail." (*Id.*) Plaintiff alleges that he has suffered pain, breathing difficulties, and a mental breakdown, and "the jail continues to ignore his "plea[s] for self-care." *Id.*

Plaintiff's Complaint alleges violations of his civil rights under 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or the laws of the United States committed by a person acting under the color of state law." *Natale v. Camden Cnty. Correctional Facility*, 318 F.3d 575, 580–81 (3d Cir. 2003) (citations omitted).

The Court first construes Plaintiff to allege that Nurse Wink denied him adequate medical care after he contracted COVID-19. As a pretrial detainee, Plaintiff's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *See Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003). In order to state a claim for relief, Plaintiff must show a "(1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need." *See Natale*, 318 F.3d at 582 (cleaned up); *see also Hope v. Warden York County Prison*, 972 F.3d 310, 329 (3d. Cir. 2020) (recognizing that immigration detainees could assert claims of deliberate indifference based on their vulnerabilities to COVID-19 due to their ages or medical conditions); *Palakovic v. Wetzel*, 854 F.3d 209, 224 (3d Cir. 2017) (discussing particular vulnerability to suicide due to mental health conditions); *Natale*, 318 F.3d at 582–83 (finding that medical professional's denial of insulin to insulin-dependent diabetic could amount to deliberate indifference). Although a detainee's particular medical vulnerability coupled with detention conditions can create a substantial risk of harm, *see Palakovic*, 854 F.3d at 226, deliberate indifference requires significantly more than negligence. *County of Sacramento v. Lewis*, 523 U.S. 833, 849–50 (1998). Moreover, "mere disagreement" as to the response to the risk to a plaintiff in light of

their medical condition will not support constitutional infringement. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

Here, Plaintiff alleges that he experienced COVID-19 symptoms, such as joint pain, headache, fatigue, and breathing issues, and repeatedly complained about his symptoms to Nurse Wint, who told him that his symptoms would pass. These facts, without more, do not suggest that Plaintiff faced a substantial risk of serious harm from COVID-19 or that Nurse Wint acted with deliberate indifference to that risk. Moreover, Plaintiff does not sufficiently allege that Nurse Wint knew he needed immediate medical attention for his COVID-19 symptoms and denied him medical treatment, or explain what medications or treatment Nurse Wint failed to provide.

Plaintiff also fails to plead any particular vulnerability to COVID-19, such as age or medical condition. In *Hope v. Warden York Cnty. Prison*, 972 F.3d at 325, immigration detainees alleged that due to their ages and medical conditions, their confinement at county jails during the COVID-19 pandemic amounted to punishment and/or deliberate indifference to their serious medical needs. Although the Third Circuit agreed that detainees with a particular vulnerability to COVID-19 might state a claim for relief, it rejected the detainee's arguments that exposure to COVID-19 was per se unconstitutional and that the government must entirely eliminate the detainees' risk of exposure in order to comply with constitutional mandates. *See* 972 F.3d at 329. The Third Circuit also warned against using "ideal" responses to COVID-19, such as keeping six feet of separation (*i.e.* social distancing), "as the sine qua non of constitutional detention," even for individuals at higher risk of serious harm if they contract COVID-19. *See id.* at 327.

Although Plaintiff complains about being housed in an "open area," he provides no facts to suggest that he has a particular vulnerability to severe COVID-19 infections, such that his detention under these less than ideal conditions amounts to punishment. He also fails to provide

any facts to suggest that Nurse Wint (or Oscar Aviles) acted with deliberate indifference to his particular vulnerability to COVID-19. The Court dismisses without prejudice the deliberate indifference claims against Nurse Wint and Oscar Aviles.

Plaintiff also fails to plead a supervisory liability claim under § 1983 against Aviles for failing to implement protocols to prevent the spread of COVID-19 at HCCF. In order to be held liable under § 1983, a supervisor must be personally involved in the alleged wrongs, and liability may not be premised solely on *respondeat superior*. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two basic ways that a supervisor may be held liable under § 1983 – through direct participation or through policymaking. With respect to direct participation, "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir. 2004). A supervisor-defendant may be also liable for unconstitutional acts undertaken by subordinates if the supervisor-defendant "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (alteration in original). "[T]o hold a supervisor liable. . . for their deficient policies...the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to provide facts showing that the existing policies and/or practices, such as housing detainees in open units, created an unreasonable risk of constitutional injury, that Aviles was deliberately indifferent to the risk, and that Plaintiff's injuries resulted from the policies or practices. As such, the supervisory claims are also dismissed without prejudice as to Aviles.

To the extent Plaintiff alleges that any prison officials violated his constitutional rights by ignoring his written or oral grievances, he fails to state a claim for relief under § 1983. "The law does not recognize a stand-alone due process claim regarding access to the prison grievance program." *Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (citing *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (additional citations omitted)). Therefore, Plaintiff fails to state a § 1983 claim based on the unavailability of the administrative grievance procedure. Amendment of this claim is futile because the conduct alleged does not violate a federal statute or constitutional right.[1]

Finally, it is possible that Plaintiff seeks to bring state law claims for relief. A District Court has discretion to "decline to exercise supplemental jurisdiction over a claim ... if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismisses the § 1983 claims over which it had original jurisdiction, it declines supplemental jurisdiction over any state law claims at this time.

In conclusion, the Court dismisses the federal claims at screening pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). The Court declines supplemental jurisdiction over any potential state law claims. Plaintiff may submit an amended complaint within 30 days to the extent

---

[1] Plaintiff's allegations may be relevant to whether the grievance program was available to him for purposes of exhausting administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). *See Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016) ("[a] prisoner need not exhaust remedies [under the PLRA] if they are not 'available.' ")

he can cure the deficiencies in his federal claims.[2] If Plaintiff does not submit an amended complaint within 30 days, the dismissal will automatically convert to a dismissal with prejudice. An appropriate order follows.

May 15, 2025

                                                
Hon. Madeline Cox Arleo
U.S. District Judge

---

[2] If Plaintiff chooses to submit an amended complaint, that complaint should be all-inclusive as it will replace his original complaint.